**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

VIVIAN E. HERNANDEZ LESMES,

Plaintiff,

-against-

115 MARKET, INC., LUCIO PEREZ, *Individually*, and EUN JOO YIM, *Individually*,

Defendants.

----------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, VIVIAN E. HERNANDEZ LESMES, by and through her attorneys, LAW OFFICE OF YURIY MOSHES, P.C., hereby brings this action against Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **Sexually Harassed**, **Discriminated Against** due to her **Gender** and **Retaliated against** for rejecting the sexual harassment by her supervisor.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**PROCEDURAL PREREQUISITES**

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated February 27, 2020, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

**PARTIES**

8. That at all times relevant hereto, Plaintiff VIVAN E. HERNANDEZ LESMES ("HERNANDEZ") was a resident of the State of New York and County of Kings.

9. That at all times relevant hereto, Defendant 115 MARKET, INC., d/b/a Cafe Cranberry ("115 MARKET") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 115 WEST 45TH STREET, NEW YORK, NEW YORK, 10036.

10. That at all times relevant hereto, Plaintiff HERNANDEZ was an employee of Defendant CRANBERRY.

11. That all times relevant hereto, Defendant CRANBERRY employs more than fifteen (15) employees.

12. That at all times relevant hereto, upon information and belief, Defendant EUN JOO YIM ("YIM") was an employee of Defendant CRANBERRY, also known as "Mr. Joseph You," holding the position of "President."

13. That at all times relevant hereto, Defendant YIM was Plaintiff HERNANDEZ's supervisor and had supervisory authority over Plaintiff HERNANDEZ.

14. That at all times relevant hereto, upon information and belief, Defendant LUCIO PEREZ ("PEREZ") was an employee of Defendant CRANBERRY, holding the position of "Manager."

15. That at all times relevant hereto, Defendant PEREZ was Plaintiff HERNANDEZ's supervisor and had supervisory authority over Plaintiff HERNANDEZ.

16. That at all times relevant hereto, Defendant CRANBERRY, Defendant YIM, and Defendant PEREZ are collectively referred to herein as "Defendants."

## MATERIAL FACTS

17. In or around November 2016, Plaintiff HERNANDEZ began working for Defendants as a "Cashier," earning approximately $11.25 per hour.

18. Throughout her tenure with Defendants, Plaintiff HERNANDEZ has been a satisfactory employee and has always received compliments for her work performance.

19. However, from the onset of her employment, Defendants subjected Plaintiff HERNANDEZ to sexual harassment and discrimination solely due to Plaintiff's gender (female), creating an extremely hostile and intimidating work environment.

20. By way of example, on an almost daily basis Defendant PEREZ would freely touch Plaintiff HERNANDEZ's buttocks and breasts.

21. On occasions, Defendant PEREZ would call Plaintiff into the basement under the guise of work, but would then force kisses upon her. Plaintiff was shocked by this unwanted behavior, but was afraid to speak out. Plaintiff attempted to reject and push Defendant PEREZ away, however, he did not relent in sexually harassing behavior.

22. Plaintiff HERNANDEZ felt dejected and embarrassed by the sexual harassment she was enduring on an almost daily basis and began to suffer from anxiety.

23. In or around December 2018, Plaintiff finally got up the courage to confront him and put an end to Defendant PEREZ's sexually harassing behavior abuse. Plaintiff advised Defendant PEREZ that she would no longer allow him to continue to touch her and force himself on her.

24. Unfortunately, Defendant PEREZ was unfazed by Plaintiff's overt rejection of his sexual advances and started a retaliation campaign against Plaintiff HERNANDEZ for her rejection of his sexual advances.

25. By way of example, Defendant PEREZ started verbally harassing and throwing insults at Plaintiff. Defendant PEREZ would also refer to Plaintiff as a "Bitch" when talking to co-workers. speaks ill of me to my co-workers, saying things like: That I'm a bitch, that anyone can pay to have sex with me; and because of those comments, some of my coworkers have made mean spirited comments about me.

26. On or around December 14, 2018, in furtherance of his retaliatory animus against Plaintiff, Defendant PEREZ spoke with Defendant YIM to attempt to reduce Plaintiff's hours. Defendant YIM agreed and reduced Plaintiff's hour by approximately fifty percent (50%).

27. Throughout 2019, Defendants continued their campaign of retaliation by refusing to address her when she made work related queries, reprimanding for using the espresso machine for personal use (when all other employees were allowed to use the espresso machine for personal use), and denying personal days off, although she requested days off in advance.

28. In or around June 2019, in one of Defendant PEREZ's final acts of retaliation, he denied

Plaintiff's request for a day off so that she can be her son's side during a scheduled surgery. For no other reason, but for Plaintiff's rejection of his sexual advances, Defendant PEREZ denied Plaintiff's request.

29. Plaintiff was forced to take the day off, without approval, so that she can be present for her son's surgery.

30. Plaintiff HERNANDEZ was subjected to such a discriminatory work environment that no reasonable person in Plaintiff HERNANDEZ's shoes should or could be expected to endure.

31. As such, in or around July 5, 2019, as a result of Defendant GARCIA's sexual assault against Plaintiff HERNANDEZ and his continued retaliatory conduct, Plaintiff was forced to resign from her employment with Defendants. Accordingly, Plaintiff HERNANDEZ was constructively discharged from her employment with Defendants.

32. Plaintiff HERNANDEZ feels offended, disturbed, and humiliated by the blatantly unlawful and discriminatory behavior by Defendants.

33. Plaintiff HERNANDEZ was treated differently (sexually harassed) by her supervisor, Defendant GARCIA, solely due to her gender (female).

34. Defendants' actions have been unsolicited, unwelcome and offensive.

35. Defendant GARCIA took advantage of the situation and the power he held over Plaintiff HERNANDEZ by sexually harassing her.

36. The above are just some of the acts of sexual harassment, discrimination, and retaliation that Plaintiff HERNANDEZ has experienced on a regular basis while employed by Defendants.

37. Defendant CRANBERRY had knowledge of and/or acquiesced in the sexual harassment by Defendant PEREZ, as Defendant PEREZ was Plaintiff HERNANDEZ's supervisor.

38. Defendants have created a hostile working environment, which has unreasonably interfered with Plaintiff HERNANDEZ's work environment.

39. Plaintiff HERNANDEZ's work performance has been, upon information and belief, above average during the course of her employment with Defendants.

40. Plaintiff HERNANDEZ has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

41. Defendants' actions and conduct were and are intentional and intended to harm Plaintiff HERNANDEZ.

42. As a result of Defendants' actions, Plaintiff HERNANDEZ feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of the acts and conduct complained of herein, Plaintiff HERNANDEZ has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff HERNANDEZ has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff HERNANDEZ demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of Defendant AECOM and Defendant ATS. Plaintiff complains of Defendant AECOM's and Defendant ATS's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

47. Defendant CRANBERRY engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment).

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. The New York City Administrative Code §8-107 (1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. Defendants violated the section cited herein as set forth by discriminating against Plaintiff because of her gender (sexual harassment).

**AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

53. Individual Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by retaliating against Plaintiff because of Plaintiff's opposition and rejection to the unlawful sexual harassment by Defendant PEREZ.

**AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

1. the employee or agent exercised managerial or supervisory responsibility; or

2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

59. Defendants violated the section cited herein as set forth.

**JURY DEMAND**

60. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYCHRL by sexually harassing Plaintiff, discriminating against Plaintiff on the basis of her gender, and retaliating against her for complaining of discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful sexual harassment, discrimination, and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
May 29, 2020

**LAW OFFICE OF YURIY MOSHES, P.C.**

By: /s/

Jessenia Maldonado, Esq.
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
(718) 504-6090
jmaldonado@mosheslaw.com

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Vivan E. Hernandez Lesmes**
**3114 74th Street**
**3rd Floor**
**East Elmhurst, NY 11370**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2019-02944** | **Holly M. Shabazz, State & Local Program Manager** | **(929) 506-5316** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)* **Charging Party wishes to pursue matter in Federal District Court**

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Judy A. Keenan

**Judy A. Keenan,**
**Deputy Director**

FEB 27 2020
*(Date Mailed)*

Enclosures(s)

cc: **115 MARKET INC D/B/A CRANBERRY CAFE**
**c/o Christine McDonald**
**9944 Fort Hamilton Parkway**
**Brooklyn, NY 11209**

**LAW OFFICE OF YURIY MOSHES P.C.**
**Attn: Jessenia Maldonado – Esq**
**517 Brighton Beach Avenue**
**Brooklyn, NY 11235**