## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is made and entered into by VIVIAN E. HERNANDEZ LESMES, ("HERNANDEZ LESMES") and 115 MARKET, INC., LUCIO PEREZ, ("PEREZ") and EUN JOO YIM ("YIM") (collectively, "115 MARKET") (115 MARKET and HERNANDEZ LESMES collectively referred to as the "Parties").

## RECITALS

**WHEREAS,** HERNANDEZ LESMES made certain allegations against 115 MARKET regarding her employment with, and subsequent termination from, 115 MARKET in a complaint, dated May 29, 2020, filed with the United States District Court for the Southern District of New York, captioned:  *Vivian E. Hernandez Lesmes v.115 Market, Inc., Lucio Perez, and Eun Joo Yim*, and bearing Case No.: 1:20-cv-04147-JGK (hereinafter, the "Action"); and

**WHEREAS**, the Parties participated in a full day of mediation on January 15, 2020, with mediator John Nonna, Esq., and reached a resolution as a result of the mediation.

**WHEREAS**, the Parties enter into this Agreement to resolve their dispute;

NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THE AGREEMENT THAT: In consideration of the mutual promises contained herein, fully intending to be legally bound hereby, the Parties agree as follows:

1. The foregoing Recitals are incorporated into this Agreement.

2. 115 MARKET agrees to pay, or cause to be paid, to or on behalf of HERNANDEZ LESMES a total sum of twenty five thousand dollars and zero cents ($25,000.00) (the "Settlement Amount") in complete and final settlement of any and all claims HERNANDEZ LESMES has against 115 MARKET, including but not limited to, any allegations whatsoever arising out of the Action, which could have been made by HERNANDEZ LESMES against 115 MARKET prior to the date of execution of the Agreement;

3. Payment of the Settlement Amount shall be delivered to Jessenia Maldonado, Esq., Law Offices of Yuriy Moshes, P.C. 517 Brighton Beach Ave., 2nd Floor, Brooklyn, NY

11235. Payment of the Settlement Amount shall be made in five equal installments of five thousand dollars ($5,000.00).  Each installment shall be paid in the following manner, and subject to the conditions below, in complete and final settlement:

(a) **First Installment** shall be paid on or before April 15, 2021:

i. One check made payable in the amount of two thousand eighty dollars and zero cents ($2,080.00) made payable to "Law Offices of Yuriy Moshes, P.C.," to be reported via IRS Form 1099.

ii. One check made payable in the amount of two thousand nine hundred twenty dollars and zero cents ($2,920.00) made payable to "VIVIAN E. HERNANDEZ LESMES" as compensatory and/or any other non-wage-based emotional distress damages to be reported via IRS Form 1099 and designated as "Other Income - Box 3," without deductions or withholdings;

(b) **Second Installment** shall be paid on or before May 1, 2021 in two separate checks:

i. One check made payable in the amount of two thousand eighty dollars and zero cents ($2,080.00) made payable to "Law Offices of Yuriy Moshes, P.C.," to be reported via IRS Form 1099.

ii. One check made payable in the amount of two thousand nine hundred twenty dollars and zero cents ($2,920.00) made payable to "VIVIAN E. HERNANDEZ LESMES" as compensatory and/or any other non-wage-based emotional distress damages to be reported via IRS Form 1099 and designated as "Other Income - Box 3," without deductions or withholdings;

(c) **Third Installment** shall be paid on or before June 1, 2021 in two separate checks:

2

i.  One check made payable in the amount of two thousand eighty dollars and zero cents ($2,080.00) made payable to "Law Offices of Yuriy Moshes, P.C.," to be reported via IRS Form 1099.

ii.  One check made payable in the amount of two thousand nine hundred twenty dollars and zero cents ($2,920.00) made payable to "VIVIAN E. HERNANDEZ LESMES" as compensatory and/or any other non-wage-based emotional distress damages to be reported via IRS Form 1099and designated as "Other Income - Box 3," without deductions or withholdings;

(d)  **Fourth Installment** shall be paid on or before July 1, 2021 in two separate checks:

i.  One check made payable in the amount of two thousand eighty dollars and zero cents ($2,080.00) made payable to "Law Offices of Yuriy Moshes, P.C.," to be reported via IRS Form 1099.

ii.  One check made payable in the amount of two thousand nine hundred twenty dollars and zero cents ($2,920.00) made payable to "VIVIAN E. HERNANDEZ LESMES" as compensatory and/or any other non-wage-based emotional distress damages to be reported via IRS Form 1099and designated as "Other Income - Box 3," without deductions or withholdings;

(e)  **Fifth and Final Installment** shall be paid on or before August 1, 2021in two separate checks:

i.  One check made payable in the amount of two thousand eighty dollars and zero cents ($2,080.00) made payable to "Law Offices of Yuriy Moshes, P.C.," to be reported via IRS Form 1099.

3

ii.    One check made payable in the amount of two thousand nine hundred twenty dollars and zero cents ($2,920.00) made payable to "VIVIAN E. HERNANDEZ LESMES" as compensatory and/or any other non-wage-based emotional distress damages to be reported via IRS Form 1099and designated as "Other Income - Box 3," without deductions or withholdings;

(f)    As a condition precedent to payment, HERNANDEZ LESMES and Law Offices of Yuriy Moshes, P.C. shall provide 115 MARKET'S attorneys with fully executed IRS Forms W-9 indicating their respective social security and tax identification numbers, and the Agreement executed by HERNANDEZ LESMES.

4.    For and in consideration of the Settlement Amount paid to, or on behalf of, HERNANDEZ LESMES by 115 MARKET, as more fully described in Paragraphs 2 and 3 above, and for other good and valuable consideration, HERNANDEZ LESMES hereby waives, releases and forever discharges 115 MARKET, its parent companies, affiliates, subsidiaries, divisions, as well as its predecessors, successors, and assigns, and their past, present and future officers, directors, trustees, employees, attorneys, members, representatives, board members, insurers, and agents, in both their official and individual capacities (together, the "Released Persons"), from any and all claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, commissions, compensation, controversies, agreements, promises, complaints, cross-claims, counterclaims, damages, sums of money, interest, attorneys' fees and costs, or causes of action of any kind or nature whatsoever, known or unknown, made or which could have been made, suspected or unsuspected, fixed and contingent, at law or in equity, which HERNANDEZ LESMES has against 115 MARKET, or may have had against 115 MARKET, prior to the date of the execution of the Agreement, or which he or his heirs, executors, administrators, agents and assigns, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever based on, arising out of, resulting from, or in any way connected, directly or indirectly

4

with HERNANDEZ LESMES' employment with and/or separation from 115 MARKET, expressly including, but not limited to, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the New York City Human Rights Law, the New York State Human Rights Law, the New York Labor Law, and any and all other federal, state or local laws, common law, torts, contracts, rules, statutes, regulations, constitutions, ordinances or public policies whether known or unknown (hereinafter referred to as the "Released Claims").

5.      HERNANDEZ LESMES agrees that she has waived any damages and other relief available to him (including, without limitation, monetary damages or equitable relief) with respect to any claim or cause of action released in Paragraph 4.  Notwithstanding the foregoing, nothing herein shall be construed to prevent HERNANDEZ LESMES from providing truthful information to any government agency in accordance with law should he be subpoenaed to do so. HERNANDEZ LESMES acknowledges that she cannot recover any monetary or equitable relief with respect to any of the Released Claims as a result of any charge or action commenced by a third party.

6.      HERNANDEZ LESMES acknowledges and agrees that the consideration set forth Paragraphs 2 and 3 is sufficient for the release contained in Paragraph 4.

7.      HERNANDEZ LESMES understands and agrees that the Settlement Amount specified in Paragraph 2 herein above is the only payment or benefit to which she is entitled under the Agreement.  HERNANDEZ LESMES understands and agrees that she will not seek anything further, whether monetary or otherwise, from 115 MARKET or Released Persons relating to the Released Claims.   Except as otherwise expressly contained herein, HERNANDEZ LESMES acknowledges and agrees that he has been paid for all wages and other amounts due from 115 MARKET.

8.      The Agreement shall not be construed as an admission of any fault, wrongdoing, or liability by 115 MARKET or any of the Released Persons for any of the acts or omissions alleged by HERNANDEZ LESMES, or for any acts or omissions which could have been alleged.

7000637

Each Party agrees that the Agreement is not evidence, and shall not raise an inference, that any Party engaged in any unlawful or wrongful conduct.

9.      HERNANDEZ LESMES hereby agrees to waive any and all claims to re-employment with 115 MARKET and affirmatively agrees not to seek further employment with 115 MARKET.  The existence of the Agreement shall be a legitimate, non-retaliatory reason for terminating or refusing any such employment.

10.      (a)      HERNANDEZ LESMES hereby agrees that she will not make or cause to be made any statement that disparages or damages the reputation of 115 MARKET, PEREZ, and YIM.  115 MARKET, PEREZ, and YIM hereby agrees that it will not make or cause to be made any statement that disparages or damages the reputation of HERNANDEZ LESMES.

(b)      "Disparaging" remarks, comments or statements are those that, directly or indirectly, impugn the character, honesty, integrity or morality or academic or business acumen or abilities in connection with any aspect of the operation of business of the individual or entity being disparaged.

(c)      For the purposes of the Agreement, the term "disparage" or "damage" includes without limitation (i) comments or statements defined in subsection (b) of this Paragraph to the press, or any individual or entity with whom 115 MARKET or HERNANDEZ LESMES have a business relationship which would be adversely affected by such comments or statements; or (ii) comments or statements defined in subsection (b) of this Paragraph to anyone other than a party to the Agreement that would adversely affect in any manner the personal or business reputation of HERNANDEZ LESMES or 115 MARKET and/or its directors, trustees, officers, employees, or operations.  The aforesaid limitations shall not apply to any response to any inquiry by any government, administrative or regulatory body, commission or agency.

11.      HERNANDEZ LESMES and 115 MARKET are bound by the terms and conditions of the Agreement.. Those who succeed to HERNANDEZ LESMES and 115 MARKET's rights and

7000637

responsibilities, such as heirs, executors, or personal successors, and/or assigns are also bound.

12.     HERNANDEZ LESMES understands and acknowledges that maintaining the confidentiality of the Agreement, including its terms, constitutes a material term and important part of the consideration for the Agreement.  HERNANDEZ LESMES shall keep the existence, terms, and conditions of the Agreement completely and strictly confidential.  HERNANDEZ LESMES shall neither disclose the terms or conditions of the Agreement, nor shall HERNANDEZ LESMES disclose the fact of its existence to any person or entity.  In response to any inquiry concerning the matters released herein, HERNANDEZ LESMES shall respond only by stating that the matter has been resolved.

13.     The exception to Paragraph 12 is as follows: If the terms or conditions of the Agreement must be disclosed as required by law, or upon a lawfully issued subpoena or order of any court of competent jurisdiction, or in response to any lawfully issued process or order in connection with any administrative proceeding or government investigation, or if HERNANDEZ LESMES is to testify before any official court or agency, including but not limited to state or federal employment or taxing entities; provided that HERNANDEZ LESMES shall notify 115 MARKET in writing of such process or order for disclosure within three (3) business days of such process or order.

14.     The Agreement contains the sole and the entire agreement between HERNANDEZ LESMES and 115 MARKET and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof. HERNANDEZ LESMES represents and acknowledges that, in executing the Agreement, he has not relied upon any representation or statement not set forth herein which may have been made by 115 MARKET with regard to the subject matter of the Agreement.  No other promises or agreements shall be binding unless in writing, signed by all Parties hereto and expressly stated to be a modification of the Agreement.

15.     The Agreement may be executed in multiple counterparts. A copy, facsimile or

7000637

pdf copy of a Party's signature on the Agreement shall be accepted as an original in any action against that Party to enforce the Agreement.

16.    The Agreement shall be construed in accordance with New York law without reference to its principles of conflicts of law.

17.    The Parties agree that jurisdiction over any dispute arising under the Agreement is proper in New York state or federal courts.  In the event that HERNANDEZ LESMES or 115 MARKET seeks enforcement of the Agreement in a court proceeding, the prevailing Party shall be entitled to an award of reasonable attorneys' fees incurred in connection with the court proceeding.

18.    If any provision of the Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provision shall not be affected thereby and shall remain in full force and effect.


**IN WITNESS WHEREOF**, the undersigned have executed this Confidential Settlement Agreement and General Release effective as of the date specified above.

DATED:_____


_____
HERNANDEZ LESMES


DATED:_____

115 MARKET, INC.


_____
By:


DATED: _____
LUCIO PEREZ

7000637

pdf copy of a Party's signature on the Agreement shall be accepted as an original in any action against that Party to enforce the Agreement.

16.    The Agreement shall be construed in accordance with New York law without reference to its principles of conflicts of law.

17.    The Parties agree that jurisdiction over any dispute arising under the Agreement is proper in New York state or federal courts.  In the event that HERNANDEZ LESMES or 115 MARKET seeks enforcement of the Agreement in a court proceeding, the prevailing Party shall be entitled to an award of reasonable attorneys' fees incurred in connection with the court proceeding.

18.    If any provision of the Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provision shall not be affected thereby and shall remain in full force and effect.


**IN WITNESS WHEREOF**, the undersigned have executed this Confidential Settlement Agreement and General Release effective as of the date specified above.

Apr 5, 2021
DATED:_____

_____
Vivian Hernández (Apr 5, 2021 11:41 EDT)
HERNANDEZ LESMES


DATED:_____

115 MARKET, INC.


_____
By:


DATED: _____
LUCIO PEREZ


8

pdf copy of a Party's signature on the Agreement shall be accepted as an original in any action against that Party to enforce the Agreement.

16.    The Agreement shall be construed in accordance with New York law without reference to its principles of conflicts of law.

17.    The Parties agree that jurisdiction over any dispute arising under the Agreement is proper in New York state or federal courts.  In the event that HERNANDEZ LESMES or 115 MARKET seeks enforcement of the Agreement in a court proceeding, the prevailing Party shall be entitled to an award of reasonable attorneys' fees incurred in connection with the court proceeding.

18.    If any provision of the Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provision shall not be affected thereby and shall remain in full force and effect.


**IN WITNESS WHEREOF**, the undersigned have executed this Confidential Settlement Agreement and General Release effective as of the date specified above.

DATED:_____


_____
HERNANDEZ LESMES


DATED: _4/5/2021_
115 MARKET, INC.


By: _____

DATED: _4/5/2021_
LUCIO PERÉZ

8

7000637

DATED: 4/5/2021

_____
EUN JOO YIM

7000637